THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEIL JAMES ROBERSON, <br><br> Petitioner, <br><br> v. <br><br> JASON BENNETT, <br><br> Respondent. | CASE NO. C24-0241-JCC <br><br> ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 6) to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 5). Having thoroughly considered the briefing and the relevant record, the Court OVERRULES Petitioner's objections, ADOPTS the R&R, and DISMISSES this matter without prejudice for the reasons explained herein.

In an order to show cause, Judge Fricke ordered Petitioner to explain why his § 2254 habeas petition should not be dismissed prior to service for failure to demonstrate the exhaustion of state remedies. (*See* Dkt. No. 4 at 2–3.) Petitioner did not respond to that order, and Judge Fricke then recommended to this Court that it dismiss this matter without prejudice. (*See* Dkt. No. 5 at 1–2.) Petitioner responded to the R&R with a litany of objections. (*See* Dkt. No. 6 at 1–

ORDER
C24-0241-JCC
PAGE - 1

3.)[1] But none of the objections address the key issue Judge Fricke raised—Petitioner's failure to demonstrate exhaustion of his state remedies. (*See* Dkt. No. 6 at 1–3.) They are, therefore, ineffective. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996) (describing the requirements for an effective objection).

For the foregoing reasons, the Court OVERRULES Petitioner's objections (Dkt. No. 6), ADOPTS Judge Fricke's R&R (Dkt. No. 5), and DISMISSES this matter without prejudice.

DATED this 10th day of May 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court reviews *de novo* those portions of a R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).